# CHARLESTON.

County Court v. Hall.

Submitted January 29, 1902.   Decided March 29, 1902.

1. Promisor—*Consideration—Right Relinquished.*
    A valuable consideration is the relinquishment by the promisee of some right which he may lawfully exercise or enforce, or the incurring of some risk or trouble at the instance of the promisor.   (pp. 274, 276).

2. County Court—*Condemnation Proceedings—Costs.*
    When a county court, in prosecuting a condemnation proceeding under chapters 42 and 43 of the Code, has made costs and upon the agreement of the landowner to pay the costs, dis-

misses the proceeding to take the particular parcel of land described and designated in its application, the relinquishment of its right to retain the advantages gained in such proceeding and the risk of future costs and trouble it incurs by dismissing constitute a sufficient consideration for the promise to pay the costs and they may be recovered in an action of *assumpsit.* (p. 275).

3. AGREEMENT—*Dismissal—Location of Road.*

By such agreement and dismissal, the court does not act in excess of its powers, nor disable itself from establishing the road upon another location, and the contract is not illegal. (p. 277).

Error to Circuit Court, Barbour County.

Action by the county court of Barbour County against James E. Hall. Judgment for defendant, and plaintiff brings error.

*Reversed.*

MURPHY & GEORGE, for plaintiff in error.

A. G. DAYTON and F. O. BLUE, for defendant in error.

POFFENBARGER, JUDGE:

The county court of Barbour County instituted this action of *assumpsit* against James E. Hall to recover the costs made by it in a condemnation proceeding lately pending in the circuit court of said county in which said county court sought to take certain real estate of the defendant for the purpose of constructing thereon a public highway. After costs, amounting to four hundred and twenty-eight dollars and ninety-eight cents, had been made, the defendant, as a result of a parley or conference between him and the members of the county court, made the following proposition:

"To the Hon., The County Court of Barbour County: If you will cause the suit of the county court of Barbour County against myself for the condemnation of a road through my farm in Elk district, to be dismissed, I will, within ten days from such dismissal, pay all the costs, both of the county, as well as myself. Feb. 20, 1897. James E. Hall."

In the same month, the county court of said county entered the following order:

"In the matter of the condemnation proceedings now pending in the circuit court of this county, against James E. Hall, for the condemnation of a road through his lands in Elk district, upon consideration this court is of opinion that it is inexpedient

to proceed further with said suit, and the defendant, James E. Hall, agreeing in writing to pay the costs of said suit, if the same be dismissed, it is ordered that the prosecuting attorney be directed to move the circuit court to dismiss said suit of Barbour County against the said Hall."

On the 12th day of November, 1897, the following order was made by the circuit court:

"*County Court of Barbour County* v. *James E. Hall*. Condemnation. On motion of the county court, and with the consent of the defendant, it is ordered that this cause be dismissed in accordance with the agreement between the county court and the defendant, James E. Hall, filed with the papers in this cause."

The declaration contains the common counts in *assumpsit* and a special count upon the contract for the payment of the costs. The defendant having demurred, and the court having overruled his demurrer, he entered his plea of *non-asumpsit* and tendered a special plea in writing, which is as follows:

"*County Court of Barbour County* v. *Jamse E. Hall*. This day comes the defendant and says the plaintiff ought not to further prosecute this action because the agreement to pay the costs of the action of the county court against himself, in the declaration mentioned, was upon the agreement and consideration that the plaintiff should dismiss such proceedings and prosecute no further right of any kind to take or condemn his land, or any part thereof, for public highway, yet, notwithstanding said agreement and the said consideration of said promise, the said county court has been and is now seeking to take defendant's land by condemnation proceedings for said purposes aforesaid, being the same land substantially sought to be taken by said former condemnation proceedings, and contrary to the said agreement and consideration of the undertaking on the part of the defendant to pay the costs mentioned in the declaration. And this he is ready to verify. James E. Hall."

Objection to the filing of said plea was overruled and the plaintiff excepted, whereupon issue was joined upon the plea of *non-assumpsit* and the special plea was replied to generally. A jury having been empaneled, the plaintiff introduced the written proposition made by Hall, copies of the orders made by the county court and circuit court dismissing said condemnation proceeding, the taxation of cost and also the evidence of two wit-

nesses, identifying the said proposition as the paper upon which the county court acted in causing the dismissal. Then the defendant moved the court to exclude the evidence and direct a verdict for him which was done over the objection of the plaintiff. The court having also overruled a motion to set aside the verdict and grant a new trial, and the plaintiff having excepted to all rulings of the court adverse to it, it has brought the case here on a writ of error.

From the argument contained in the briefs, it is inferred that the court below excluded the evidence on the ground that there was no legal and binding contract between the parties in reference to the cost, it being insisted by the attorneys for the plaintiff in error that, if there was any consideration for the promise on the part of Hall to pay the cost, it was the agreement of the county court never to establish a public road through his land, it being argued that the dismissal of the proceeding carried with it such agreement. It will be noticed that the proposal made by Hall was to pay the cost in consideration of the dismissal of the condemnation proceeding. That proceeding was to establish a road according to a particular location upon his land. It was not for the purpose of establishing a road generally on his land without reference to location. The attempt to locate a road through his land had progressed to a point beyond the uncertainty of its particular location. Before the institution of the condemnation proceeding in the circuit court, the county court, it is presumed, appointed viewers or a committee of its own body and had the road surveyed and marked out on the ground and a plat thereof made. Its application filed in the circuit court and upon which the proceedings which Hall desired that the County Court should dismiss were founded, was for the taking of a specific parcel of land accurately described and designated. What peculiar value it had that prompted its owner to the vigorous and endless resistance which produced this large amount of cost, and his agreement to pay it, is undisclosed. But, as the county court has discretion to prosecute to final determination such a proceeding to obtain land for the particular location of a public road, or to abandon that location at any time and begin proceedings to establish the road upon a different location, in which event, a second suit or proceeding would be separate and distinct from the first one and in reference to an entirely different parcel of land, it is

clear that, by dismissing its proceeding, it did not necessarily agree not to establish a road over Hall's land. Neither the proposition of the land owner nor the order of the county court directing the dismissal refers to anything except the particular suit then pending. In neither place is it said that no future suit shall be instituted for the condemnation of land for a public highway through the farm. There was nothing in the evidence from which the court below could infer that the peculiar situation of the land and the location thereon of the proposed road, were not such as may have furnished good ground for the exercise of the discretion of the county court to abandon the particular location sought and select another, or that the peculiar circumstances were not such as to make it advisable on the part of Hall, as a prudent man, to induce the county court, by relieving it of the payment of even this large amount of money, to change the proposed location to some other place on his land, or to dismiss its proceeding for the taking of the particular land sought, without any understanding as to whether it would thereafter locate the road elsewhere upon his land. What it was proper for the county court to consider, under the circumstances of that case, it is impossible to say, for those circumstances do not appear here. But it undoubtedly has the right to take into consideration the possible amount that the land will cost, including the expense of condemning it, for the statute provides that it may abandon the undertaking, even after it has gone so far as to have the compensation ascertained. Section 38 of chapter 43, Code. Having the right to abandon after prosecuting to that extent, it would certainly have the right to abandon it at any time prior thereto, and, in determining whether to abandon the work or to go on with it, it would have the right to consider the state of the funds at its disposal and the probable cost of the land and construction of the road. There is nothing in the record from which it can be determined here, or could have been determined by the court below, that the circumstances were not such as to afford good reason for the exercise of the discretion of the county court to discontinue its proceedings, in consideration of its being relieved of the cost which it had incurred. It is not intended to say here that it was the province of the circuit court to determine whether the parties had made a reasonable, fair, and mutually advantageous contract. This discussion is only to point out the reasons which

it is conceived are sufficient for holding that the county court has the power to make a valid and binding contract with the land owner, whereby the former agrees to dismiss the proceeding to take a specific parcel of land for the location of a public road, in consideration of the agreement of the land owner to pay the cost. A governing corporation, such as the plaintiff here, cannot barter away its discretionary powers, but, in abandoning its demand for a particular parcel of land, it does not surrender, or attempt to surrender, its power to establish its proposed road, the same road, upon some other location. It thereby does nothing more than exercise the discretion which it has to select the location. That the county court has wide discretion, under the statute, as to whether it will or will not establish a road and as to where it will locate the same when it does undertake to establish it, has been declared by this Court in *State* v. *County Court,* 33 W. Va. 589. After quoting extensively from the statute, JUDGE SNYDER said in that case, "It is scarcely possible to conceive how it could be made plainer than these provisions do, that the legislative purpose was and is to confer upon the county court a judicial or, at least, a *quasi* judicial power and discretion as to all these subjects, including the power to discontinue, or to alter the location of any bridge belonging to or under the control of the county court. No analysis or collocation of these provisions could make that fact any plainer or more apparent than the simple reading of them will do. The plain fact, then, that the power of the county court to discontinue, to repair or to alter the location of any county bridge, being a judicial power to be exercised by the court according to its discretion, it is clear, under the principles hereinbefore announced, that the exercise of that power cannot be controlled by *mandamus.*" It is certainly not too much to say that the county court, in the exercise of such discretion, may abandon a particular location on the ground that it is too expensive to obtain, and that, in doing so, it does not disable itself to discharge its legal duty of providing, in the manner prescribed by law, sufficient public roads. In addition to its discretionary powers, in respect to the establishment of roads, the fiscal affairs of the county are in its keeping and there is no reason why it should not be permitted to protect itself in the matter of costs by any contract which it may make that is not in violation of some provision of law. Having concluded that

the plaintiff had the power to make a valid contract in respect to costs, the next inquiry is, whether there was a sufficient consideration for the promise of the defendant to pay the costs.

In the absence of any agreement between the county court and the proprietor of the land in reference to costs, in condemnation proceedings to take land for the purposes of a public highway, the applicant cannot recover costs, unless there has been stated in the application a sum of money which the applicant is ready to pay, and it afterward appear by the report confirmed or by a verdict of a jury, that the land may be taken without paying any greater compensation therefor. Section 24 of chapter 42, Code. Where a report is re-committed upon the motion of the land owner on the ground of insufficiency of compensation, and the sum ascertained by a subsequent report or verdict does not exceed the sum ascertained by the former report, the costs of the subsequent report are to be paid by the land owner. Section 21 of chapter 42, Code. "In cases not otherwise provided for, applicants shall pay the cost of the proceeding." Section 25 of chapter 42, Code. Whether, in this case, the applicant stated in its application a sum which it was willing to pay in consequence of which it would be entitled to its costs out of the compensation, when determined, if that compensation turned out to be no greater than the sum stated in the application, or whether there had been a report which had been re-committed, is not disclosed by this record. In the absence of such disclosure, it is presumed that the large amount of cost sued for here would not have been recoverable from the land owner, in any event, had the proceeding been prosecuted to the end. The county court, having had not even a contingent right to recover costs in the condemnation proceeding, by reason of its failure to offer the land owner any certain sum as compensation, whatever consideration there may be for the promise of Hall to pay the costs, lies in something other than the relinquishment by the county court of a right to recover costs in the condemnation proceeding. If there was no consideration for that promise, it is not binding. The definition of valuable consideration, given in 6 Am. & Eng. Ency. Law, (2d Ed.) 704, is as follows: "In the abstract a valuable consideration may be defined to be the relinquishment by the promisee of some right which he may lawfully exercise or enforce. As applied to sales, it is the relinquishment of the right of property; in respect to

bailments, it is the relinquishment of the right of possession; in considerations founded upon some act or forbearance, it is the relinquishment of a personal right, singly or in conjunction with others." What the county court really gave up and relinquished by the dismissal of its suit in consideration of the promise and undertaking of the defendant to pay the cost was what it had gained or accomplished towards securing the necessary land for the construction of its road. How far these proceedings had gone does not appear, but it is presumed from the amount of cost incurred, four hundred and twenty-eight dollars and ninety-eight cents, that they had practically reached final determination. The taxation of cost shows *per diem* of commissioners and of jurors. As they had gone far enough to take a jury, it is likely that little remained to be done. By dismissing the proceeding, the county court, without an agreement on the part of Hall to pay its cost, would have put itself in a situation which would have compelled it to pay the cost already made and probably the cost of a future proceeding for the establishment of the road. This, no doubt, prevented a dismissal without such agreement. To give up all it had accomplished in that suit without any concession on the part of Hall was probably something that the county court was willing to do. The result of his proposition was the relinquishment of the advantages gained by the suit and the assumption by the county court of the burden and expense of going back and traversing the same ground, acquiring the same advantages and rights in respect to some other piece of land, in obtaining a location for its road. That was an undertaking, on the faith of Hall's promise, which involved a new and additional outlay of money as well as trouble, and it constituted a good and sufficient consideration for his promise. "If the promisee, at the instance of the promisor and moved by his promise, do any act which occasions him even the slightest trouble or inconvenience, or in doing which he incurs a risk, the act so performed constitutes a valuable consideration for the promise." 6 Am. & Eng. Ency. Law, (2d Ed.) 723. After defining valuable consideration, the same book says, at page 704, "Considered, therefore, as a mere relinquishment of a right, it becomes immaterial whether it be of benefit to the promisor or of detriment to the promisee."

It is also claimed that there is a variance between the contract alleged in the special count and the proof offered, but

nothing is offered in respect to that claim except a mere asser-
tion that there is a variance.   The declaration alleges that the
contract was entered into on the 20th day of February, 1897,
and it is pointed out in the brief "that there is no contract
offered, dated on the 20th day of February, 1897, but that on
the contrary, all that is offered is simply a proposition on the
part of the defendant, Hall, agreeing to pay the costs of the
condemnation proceeding."   It is not claimed in the declaration
that there was a written contract, as seems to be intimated in
the brief.   Hall's proposition is dated February 20, 1897.   The
record shows that the order of the county court, directing the
dismissal of the suit, was made at the February term of the
county court, 1897.   The evidence of Benjamin H. Woodford,
a member of the county court, shows that Mr. Hall "came before
the county court and we made an agreement."   Taking the
written proposition, the copy of the order introduced as evi-
dence, and the testimony of Woodford, there is enough to war-
rant the jury in finding that there was a contract between the
parties, such as is alleged in the declaration, and that it was
made on the 20th day of February, 1897, as stated in the declar-
ation, even if the time be material.   Then, the order made by
the circuit court shows that the plaintiff has complied with its
part of the contract.   This subsequent act of dismissal on the
12th day of November, 1897, in pursuance of the agreement so
to do, is also averred in the declaration.   The contract was exec-
utory, stipulating that each party should do something in the
future.   The only way to declare upon such a contract is to
show that it was made and set out with certainty its terms, and
then aver that the plaintiff has performed what he promised to
do, and that the defendant has refused to do what it was agreed
that he should do upon performance by the plaintiff of what
he agreed to do.   That is exactly what this declaration does and
the proof conforms to its allegations.   Although the documen-
tary evidence does not show conclusively that the contract was
made on the 20th day of February, 1897, that is wholly im-
material.   "The statement of the real or precise time, however,
is not necessary even in criminal cases, unless it constitute a
material part of the contract, etc., declared upon, or unless the
date, etc. of a written contract or instrument is professed to be
described."   1 Chitty Pl., 16 Am. Ed. 272; Stephen Pl. 279.

This contract does not belong to the exceptional class in which it is material.

It was error to exclude the evidence and the judgment must be reversed and the case remanded.

*Reversed.*