## W. D. HUFF *v.* THE LANES BOTTOM BANK

(No. 6927)

Submitted April 15, 1931. Decided April 21, 1931.

*Wysong & Wysong* and *Morton & Wooddell,* for plaintiff in error.

*Wolverton & Ayres* and *W. T. Talbott,* for defendant below.

LIVELY, JUDGE:

W. D. Huff instituted this action of assumpsit against the Lanes Bottom Bank, a corporation, for breach of contract; and the circuit court, sustaining defendant's demurrer to the declaration, entered judgment nil capiat and dismissed the action. Plaintiff prosecutes this writ.

The first count of the declaration contains the common counts. The second count alleges that on April 7, 1925, The

Camden Mercantile and Milling Company was the owner of a grain and flour mill in Camden-on-Gauley, Webster County, West Virginia, worth more than $10,000; that the plaintiff was the principal stockholder of the Milling Company; that the property of the Milling Company became charged with judgment liens, to enforce which a suit in equity was instituted, the general object of which was to collect and liquidate the judgment liens and to subject the Milling Company's properties to sale; that before the judicial sale of the property was made, the defendant and plaintiff entered into a contract whereby it was agreed that the defendant, one of the judgment lien creditors, should purchase the property of the Milling Company at the judicial sale and hold it for re-sale at a profit; that either or both of plaintiff and defendant should sell the property at the best obtainable price, and that all moneys received above the purchase price of the property should be paid to plaintiff; that defendant purchased the property for the sum of $5,500, which sale was confirmed by the circuit court of Webster County; that plaintiff procured and presented one E. H. McCarty before the directors, officers, and other persons authorized to act on behalf of the bank, and the said McCarty offered to purchase the property for the sum of $7,100 in cash, which offer the bank refused, thus occasioning a loss to the plaintiff in the amount of $1,600.

The allegations in the third count are similar to those in the second and differ only to the extent that a second purchaser, one E. L. Burr, offered to purchase the property at the sum of $8,010, which defendant refused, occasioning a loss to plaintiff of $2,510. The fourth count combines the allegations of the second and third counts, averring also that the defendant bank has appropriated the said property to its own use and benefit and that said property is worth at least $9,610 to the said defendant.

Defendant demurred to plaintiff's declaration and to each count thereof, contending (1) that there was no consideration paid or to be paid to defendant for its promise, and (2) that counts 2, 3 and 4 are duplicitous.

With no appearance by defendant in this Court and no opinion in the record, we cannot state what position the lower

court assumed in sustaining the demurrer. The first count, containing the common counts, avers an indebtedness due plaintiff. It appears to follow the usual form provided for actions in general assumpsit and clearly is not demurrable. Since each count of a declaration may be considered as separate unto itself, a demurrer to each of the three remaining counts, though good, would not reach the count of indebitatus assumpsit and would not justify the court in dismissing the entire action. *Burkhart* v. *Jennings,* 2 W. Va. 242, 257; *N. & W. Railway Co.* v. *Stegall's Admx.,* 105 Va. 538. But, looking to the second, third, and fourth counts of the declaration, we are of the opinion that there was a good and sufficient consideration for the agreement of the parties. It is elementary that ''if the promisee, at the instance of the promisor and moved by his promise, do any act which occasions him even the slightest trouble or inconvenience, or in doing which he incurs a risk, the act so performed constitutes a valuable consideration for the promise.'' 6 American & English Ency. Law,, (2nd Ed.), page 723, cited with approval in *County Court* v. *Hall,* 51 W. Va. 269, 276. ''Considered, therefore, as a relinquishment of a right, it becomes immaterial whether it be of benefit to the promisor or of detriment to the promisee.'' *Ibid.* The allegations of the last three counts aver that defendant was a judgment lien creditor of the Milling Company; and while the declaration does not so state in specific terms, it is not a strained presumption that defendant's primary aim in purchasing the mill property at judicial sale was to evade loss of the indebtedness due it, as evidenced by the judgment lien, and but for the fact that the assets of the Milling Company were being liquidated, it would have had no desire to acquire title to the mill property. The consummation of the alleged agreement, admitted by the demurrer, substantiates the presumption. Its desire to rid itself of the property and thus to evade loss of the Milling Company's indebtedness to defendant was the basis for its promise to pay plaintiff any amount that the property brought at a sale in excess of the price paid for the property at the judicial sale. The promisee having performed his part may maintain an action for breach of the contract.

Assuming, without deciding, that the declaration is duplicitous, we answer the second ground of demurrer by reference to *McMechen* v. *Railroad Company*, 90 W. Va. 21, wherein it is held that: "Duplicity in a declaration is no longer ground for demurrer in this state."

Being of the opinion that the declaration is not demurrable on grounds assigned, we reverse the judgment of the lower court and re-instate the declaration.

*Judgment reversed; case reinstated; remanded.*