# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**PAUL T. CHASTAIN, JR.,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-350** (Cir. Ct. Summers Cnty. Case No. CC-45-2022-C-31)

**BETHLEHEM FARM, INC. and**
**ERIC FITTS,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Paul T. Chastain, Jr., appeals the July 6, 2023, order of the Circuit Court of Summers County which granted Respondents Bethlehem Farm, Inc., and Eric Fitts's (collectively "Bethlehem Farm") motion to dismiss Mr. Chastain's complaint.[1] Mr. Chastain alleged a breach of contract claim against Bethlehem Farm after it failed to complete a project to renovate Mr. Chastain's home. Bethlehem Farm filed a timely response, and Mr. Chastain filed a timely reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Bethlehem Farm is a charitable organization that uses volunteers and donations to help low-income individuals make home improvements. Eric Fitts is the owner and operator of Bethlehem Farm. Mr. Chastain's home needed renovations to make it more handicapped accessible and he applied to Bethlehem Farm for its assistance in completing the renovations. Mr. Chastain's application was approved and, as part of the agreement between Mr. Chastain and Bethlehem Farm, the parties executed a document that described the work to be completed by Bethlehem Farm and the terms and conditions under which the work would be performed. The agreement, titled "Contract Form[,]" was signed by both parties on May 11, 2022. Based on the language of the agreement, Bethlehem Farm agreed to demolish and rebuild Chastain's home. The agreement also estimated the cost of

---

[1] Mr. Chastain is represented by Paul S. Detch, Esq. Bethlehem Farm is represented by Thomas W. White, Esq., and Esha S. Simon, Esq.

the project and described the work to be performed. Per the agreement, Mr. Chastain's costs were capped at $70,000, but it is undisputed that no money was exchanged between the parties.

In his underlying complaint, Mr. Chastain alleged that Bethlehem Farm breached the parties' agreement and refused to complete the work at his home. He further alleged that Bethlehem Farm solicited donations and gifts for use in making improvements to his property and that Bethlehem Farm refused to provide the donations and gifts to Mr. Chastain when work stopped on the project. Mr. Chastain included the written agreement in the appendix record.[2]

While this case was pending in circuit court, Bethlehem Farm filed a Motion to Dismiss alleging that the parties' agreement failed due to a lack of consideration because Mr. Chastain neither paid any money, nor promised to provide anything of value to Bethlehem Farm under the agreement. Bethlehem Farm argued it was making a gift to Mr. Chastain and further that the parties' agreement failed due to estoppel, as Bethlehem Farm's volunteers felt threatened and unsafe while working on Mr. Chastain's property. Mr. Chastain responded to the motion to dismiss by arguing there were disputed issues of fact remaining to be resolved by a jury.

---

[2] The Supreme Court of Appeals of West Virginia has made clear that

[w]hen a movant makes a motion to dismiss a pleading pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, and attaches to the motion a document that is outside of the pleading, a court may consider the document only if (1) the pleading implicitly or explicitly refers to the document; (2) the document is integral to the pleading's allegations; and (3) no party questions the authenticity of the document. If a document does not meet these requirements, the circuit court must either expressly disregard the document or treat the motion as one for summary judgment as required by Rule 12(b)(7).

Syl. Pt. 6, *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 854 S.E.2d 870 (2020). Here, this contract is explicitly referred to in the complaint, is integral to Chastain's allegations, and no party has questioned the authenticity of this document. As a result, this Court may consider the contract without converting this motion to dismiss to one for summary judgment.

The circuit court held a hearing on the Motion to Dismiss on March 10, 2023.[3] On July 6, 2023, the circuit court granted Bethlehem Farm's Motion to Dismiss finding that there was a lack of consideration as to the parties' agreement. Particularly, the circuit court held as follows:

> To the best the Court can determine from the pleadings, the alleged contractual relationship was simply an agreement that the Defendant would construct and provide a handicapped accessible structure for the Plaintiff, raising the funds and donations necessary to complete the project on its own. Nowhere does the Plaintiff allege that he gave anything as consideration for the agreement.

It is from this order that Mr. Chastain now appeals.

Because the circuit court's ruling is based upon a motion to dismiss, our standard of review is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) (citation omitted). With this standard in mind, we turn to the arguments at issue herein.

On appeal, Mr. Chastain asserts two assignments of error. First, he argues the circuit court erred in granting the motion to dismiss based on the finding that Mr. Chastain failed to plead consideration because both parties below were bound by their mutual obligations. Mr. Chastain admits that no money was exchanged between the parties, but argues that despite that fact, he was required to abide by other conditions of the agreement. He states that the agreement required him to ensure the environment was free from drug and alcohol use, free from harassment, and to allow Bethlehem Farm to take photos and videos of the project to use in its social media.

In West Virginia law "[a] claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages." *Sneberger v. Morrison*, 235 W. Va. 654, 669, 776 S.E.2d 156, 171 (2015) (citing Syl. Pt. 1, *State ex rel. Thornhill Group, Inc. v. King,* 233 W.Va. 564, 759 S.E.2d 795 (2014)). "The fundamentals of a legal contract are competent parties, legal subject matter, valuable consideration and mutual assent. There can be no contract if there is one of these essential elements upon which the minds of the parties are not in agreement." Syl. Pt. 3, *Dan Ryan*

---

[3] The transcript of this hearing was not included in the appendix record.

3

*Builders, Inc. v. Nelson*, 230 W. Va. 281, 737 S.E.2d 550 (2012) (citations omitted). West Virginia law is clear that "consideration is an essential element of, and is necessary to the enforceability or validity of a contract" and this is "so well established that citation of authority therefor is unnecessary." *Id.* at 287, 737 S.E.2d at 556. Further, "[a] promise or contract where there is no valuable consideration, and where there is no benefit moving to the promisor or damage or injury to the promisee, is void." *Id.* at 281, 737 S.E.2d at 550, Syl. Pt. 4. Consideration is defined as "some right, interest, profit or benefit accruing to one party or some forbearance, detriment, loss or responsibility given, suffered, or undertaken by the other." *Id.*

Based on this clearly established law, we find no error in the circuit court's conclusion that this contract fails due to a lack of consideration. Neither Mr. Chastain's complaint nor the agreement itself supports his arguments. The alleged contractual relationship was simply a promise of a gift. Mr. Chastain's claim fails as a matter of law because the facts pled in support of this claim show there is no consideration.

The language of the agreement itself also shows that Mr. Chastain failed to exchange "some right, interest, profit or benefit . . . or some forbearance, detriment, loss or responsibility given, suffered, or undertaken by the other." *Id.* His allegations that he was required to refrain from harassment, drug or alcohol use, and that he would have allowed Bethlehem Farm to take photos and videos of this project are not sufficient. The facts of this case show that no contract was formed and that this was simply a gift. Accordingly, we find that the circuit court did not err in granting Bethlehem Farm's motion to dismiss and dismissing Mr. Chastain's claim for lack of consideration.

In his second assignment of error, Mr. Chastain argues that the circuit court erred in failing to grant an accounting of the donations and gifts Bethlehem Farm solicited to use to improve Mr. Chastain's property. Mr. Chastain argues that these donated gifts belong to him. However, as there was no agreement between the parties, for the reasons stated above, we find no merit in Mr. Chastain's argument on this issue.

Based on the foregoing we find that Mr. Chastain's claims fail as a matter of law because no contractual agreement was formed between the parties and no consideration was exchanged. We affirm the circuit court's dismissal of Mr. Chastain's complaint as he can prove no set of facts in support of his claim that would entitle him to relief. However, this Court notes that the dismissal of Mr. Chastain's claims herein is made without prejudice.

Affirmed.

**ISSUED:** July 1, 2024

4

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

**DISSENTING:**

Chief Judge Thomas E. Scarr

SCARR, C.J., dissenting:

I respectfully dissent from the majority's decision to affirm the July 6, 2023, order of the Circuit Court of Summers County granting Bethlehem Farm, Inc.'s 12(b)(6) motion to dismiss. The circuit court dismissed Mr. Chastain's complaint because it failed to identify any consideration for his alleged contract. That ruling was erroneous given the liberal notice pleading standard contemplated by our rules of civil procedure, and repeatedly affirmed by the Supreme Court of Appeals of West Virginia, as recently as last year. *See Pierson v. Miles*, No. 22-0501, 2023 WL 6012535, at *2 (W. Va. Sept. 15, 2023) (memorandum decision).

"Rule 8 eschews technical, hyper-specific pleading and only requires a pleader to provide notice by way of 'a short and plain statement of the claim' that is 'simple, concise and direct.'" *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.,* 244 W. Va. 508, 524, 854 S.E.2d 870, 886 (2020); *see also Jones v. Logan Cnty. Bd. of Educ.*, 247 W. Va. 463, ___, 881 S.E.2d 374, 380 (2022) ("Rule 8… requires clarity but not detail."). It is sufficient if a complaint "provide[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 529, 854 S.E.2d at 891.

> Generally, a plaintiff alleging breach of contract is required only to state a sufficient factual basis for the claim to put the defendants on notice and allow them to frame a response. Thus, a complaint in an action on a contract which alleges the contract, performance by the plaintiff, and failure to perform on the part of the defendant, resulting in damage to the plaintiff, is good against a motion to dismiss for insufficiency. Specifics of the contract, such as the date it was formed and specifics of the contract's terms and transactions made under the contract, need not be pled.

*Id.* at 529-30, 854 S.E.2d at 891-92 (2020) (quoting 61A Am. Jur. 2d *Pleading* § [179], Westlaw (database updated May 2024).

> [T]o survive a motion under Rule 12(b)(6), a pleading need only outline the alleged occurrence which (if later proven to be a recognized legal or equitable

5

claim), would justify some form of relief. "The complaint must set forth enough information to outline the elements of a claim or permit inferences to be drawn that these elements exist."

*Id*. at 521, 854 S.E.2d at 883 (footnote and citation omitted). "Hence, dismissal under Rule 12(b)(6) is not warranted merely because the pleading fails to state all of the elements of the particular legal theory advanced; instead, the circuit court should examine the allegations as a whole to determine whether they call for relief on any possible theory. "*Id*. at 522; 854 S.E.2d at 884.

In *Mountaineer Fire & Rescue Equipment*, the contract was adequately plead even though it did not specify which provisions of the contract had been breached. In the present case, the complaint did not specify the nature and amount of consideration, but it did specifically allege a breach of a contract with resulting damages. That was sufficient to satisfy the modest pleading requirements of Rule 8.

Given the record on appeal, which unfortunately lacks the hearing transcript, it is not necessarily "undisputed that money was not exchanged between the parties," or that money would not be exchanged in the future. According to Petitioner's Assignment of Error in his Notice of Appeal, he "paid the sum of $233.00 per month as part of the consideration." Moreover, the contract states that "the only charges will be for materials that are not covered by grant funding" and that "some of the labor will be donated and some will be paid." Pursuant to Paragraph 11 of the Contract Form, Mr. Chastain agreed to make monthly payments until any sum not covered by grants or charity was paid off. Thus, at the very least, the contract contemplates that Mr. Chastain may pay some money to Bethlehem if donations and grants are insufficient to pay for labor and materials.[4] This promise to pay under those circumstances constitutes some consideration.

Of course, consideration is not limited to the payment of, or promise to pay, money. "A valuable consideration may consist either in some right, interest, profit, or benefit accruing to the one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other." Syl. Pt. 2*, Tabler v. Hoult*, 110 W. Va. 542, 158 S.E. 782 (1931). Agreeing not to exercise a legal right has long been recognized as consideration in contract law. As the Supreme Court of Appeals of West Virginia said in Syl. Pt. 4, *Huff v. Lanes Bottom Bank*, 110 W. Va. 389, 158 S.E. 380 (1931):

---

[4] In fact, the contract states that Bethlehem Farm's "goal is to accumulate as little cost burden to [Mr. Chastain] as possible, but we anticipate [that] some costs will need to be reimbursed by [him.]"

6

"If the promisee, at the instance of the promisor and moved by his promise, do any act which occasions him even the slightest trouble or inconvenience, or in doing which he incurs a risk, the act so performed constitutes a valuable consideration for the promisee"; and as a relinquishment of a right it is immaterial whether it be of benefit to the promisor or of detriment to the promisee.

In this case, Mr. Chastain made various promises to Bethlehem, including ensuring that the work environment "will be free of illegal drug use, alcohol use, and… abuse or harassment." Contract Form at Paragraph 5. As Mr. Chastain notes, agreeing to forego the use of alcohol, if bargained for, can constitute sufficient consideration to support a contract conferring some benefit on the party so abstaining. *See Hamer v. Sidway*, 27 N.E. 256, 257 (1891) (holding that refraining from the use of tobacco and alcohol for a certain time at the request of another is sufficient consideration for a promise by the requesting party to pay a sum of money); *Lindell v. Rokes*, 60 Mo. 249, 251 (1875) (abstinence from use of intoxicating liquors held to furnish good consideration for a promissory note); *cf. Talbot v. Stemmons*, 12 S.W. 297, 298 (Ky. 1889) (abstinence from tobacco usage until after promisor's death held valid consideration for promise to pay $500.00); Restatement (Second) of Contracts § 71, cmt. d, illus. 9, Westlaw (Am. L. Inst. database updated Oct. 2023) (forebearing to smoke, if bargained for, is consideration for a promise to pay money).

In addition to the promises he made in Paragraph 5 of his contract with Bethlehem Farm, Mr. Chastain "grant[ed] permission for photos and videos of the project to be used by Bethlehem Farm for social media, newsletters, and grant reporting." *Id.* at Paragraph 6. The use of such photographs and video could be valuable to Bethlehem Farm in recruiting volunteers and donors, obtaining grants, providing content for its social media, publicizing its charitable works, and promoting good will in general.

Mr. Chastain's promises may seem of little value, especially when compared to Bethlehem's promise to rebuild his house, but "[w]hen given or stipulated in good faith, a valuable consideration, however small or minimal, is sufficient to sustain a contract." Syl. Pt. 1, *Newell v. High Lawn Mem. Park*, 164 W. Va. 511, 264 S.E.2d 454 (1980) (quoting Syl. Pt. 1, *McCary v. Monongahela Valley Traction Co.*, 97 W. Va. 306, 125 S.E. 92 (1924)). "If the parties get that which they bargained for and were not acting under fraud, mistake, or the like, the courts do not concern themselves with the relative values exchanged or the wisdom of the contract." 4A Michie's Jur. of Va. & W. Va. *Contracts* § 32 at 565 (2019); *see also Doganieri v. U.S.*, 520 F.Supp. 1093, 1095 (N.D. W. Va. 1981) ("The consideration necessary to support a contract need not be equal to what is being exchanged, as long as it has some value."); Syl. Pt. 1, *Janes v. Felton*, 99 W. Va. 407, 129 S.E. 482 (1925) ("Any benefit resulting to the party promising by the act of the promisee is ordinarily a sufficient consideration for a promise, and it is not essential to the validity of the contract that the pecuniary value of the benefit should equal that of the obligation

incurred."). "[H]owever trifling the loss to the promisee or the benefit to the promisor, [i]t is a sufficient consideration for a promise made without fraud and with full knowledge of the circumstances." 4A Michie's Jur. of Va. & W. Va. *Contracts* § 32 at 566.

This case was decided on a Rule 12(b)(6) motion to dismiss, and there is no guarantee that Mr. Chastain will prevail on a motion for summary judgment, but it was premature to dismiss at this stage of litigation. "When a Rule 12(b)(6) motion is made, the pleading party has no burden of proof. Rather, the burden is upon the moving party to prove that no legally cognizable claim for relief exists." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. at 520, 854 S.E.2d at 882. In this case, that burden was not met.