# CHARLESTON

DUTY v. SPRINKLE.

Submitted February 25, 1908.     Decided March 3, 1908.

1. ATTACHMENT—*Affidavits—Variance from Declaration—Effect.*
   A slight, unsubstantial variance of an affidavit for an attachment from the declaration in the action,. respecting the nature of the demand sued on, is not available as ground for quashing the attachment.  (p. 40.)

2. SAME.
   Mere difference between the declaration and affidavit in respect to the *quantum* of descriptive matter pertaining to the cause of action, both being in perfect agreement as far as such matter is set forth, does not constitute inconsistency or a variance, such as will vitiate the attachment.  (p. 41.)

3. SAME—*Return on Attachment of Real Estate—Sufficiency.*
   The return of a sheriff on an order of attachment, levied on real estate, showing the time of the levy and the quantity and location of the land and referring to the deed to the defendant therefor, as recorded at a certain page of a certain deed book in the office of the clerk of the county court, for a more particular description thereof, is sufficient.  (p. 42.)

4. BILLS AND NOTES—*Presumption of Ownership—Payee.*
   *Prima facie*, the payee of a negotiable note is the owner thereof, and, in declaring on it in an action of debt, it suffices, as to title, to aver that the defendant by it promised to pay the plaintiff the amount named in the note, no endorsement thereof being disclosed.  (p. 42.)

5. EVIDENCE—*Parol Evidence Affecting Writing—Notes.*
   Parol evidence to prove an agreement between the maker and the payee of a note, that the former should not be required to

pay it, is inadmissible, under the rule inhibiting the introduction of parol evidence to contradict, vary, add to or detract from, the terms of a written instrument. (p. 42.)

6. HUSBAND AND WIFE—*Liability of Wife for Husband's Debt,*

By her contract in writing, a married woman may bind herself to the payment of her husband's debt. (p. 43.)

7. ATTACHMENT—*Judgment—Opening Publication Judgment.*

If, on a re-hearing in an attachment proceeding, under section 25 of chapter 106 of the Code, no error in the judgment or proceedings is established, the defendant is not entitled to pay the judgment and have the sale of the property, made and confirmed, before his appearance in the action, set aside, although the plaintiff therein was the purchaser. (p. 44.)

8. SAME.

An offer to pay the debt at such stage of the proceedings is substantially an offer to redeem the property from sale, and not a defense to the action. (p. 44.)

Error to Circuit Court, Ritchie County.

M. K. Duty having obtained a judgment against M. K. Sprinkle, and an order of sale of real estate belonging to her, in an attachment proceeding for the collection of a balance due on a note executed by her and her husband, D. A. Sprinkle, who were then nonresidents, thereafter M. K. and D. A. Sprinkle appeared and filed their petition for a re-hearing, as authorized by Code 1899, chapter 106, section 25 (Code 1906, section 3560.) There was a judgment confirming the former judgment for plaintiff, and M. K. Sprinkle brings error.

*Affirmed.*

J. NEWMAN, for plaintiff in error.

ADAMS & COOPER, for defendants in error.

POFFENBARGER, PRESIDENT:

At the June term of the circuit court of Ritchie county, 1897, M. K. Duty obtained a judgment against M. K. Sprinkle and an order for the sale of certain real estate, belonging to her, in an attachment proceeding, for the collection of a balance due on a negotiable promissory note, executed by her and her husband, D. A. Sprinkle, who were then non-residents of the state, had been proceeded against as such and had not appeared in the action. On

February 28, 1902, they appeared and filed their petition asking for a rehearing of the case, as they were authorized to do by section 25 of chapter 106 of the Code. On this petition, they were permitted to defend as they might have done, had they originally appeared in the action. Their motions to quash the attachment and the return thereon, as well as their demurrer to the declaration, were overruled. The defendant, M. K. Sprinkle, tendered a special plea, averring fraud in the procurement of the note, and another plea of *non est factum*, both of which were rejected, on objections to the filing thereof. Then she was permitted to file an amended plea of *non est factum*. Issue having been joined thereon, as well as upon her plea of *nil debet*, the court found there was due from the defendants, when the original judgment was rendered and the order of sale made, the sum of $275.70, the amount for which the judgment had been rendered and a judgment of confirmation was rendered, to which she has obtained a writ of error, on which she complains of the overruling of her motions to quash the attachment and the return of the sheriff and her demurrer to the declaration, as well as the rendition of the judgment.

Inconsistency between the declaration and the affidavit, or variance of the affidavit from the declaration, is the ground upon which the motion to quash the attachment is based. The declaration sets up a negotiable promissory note for the sum of $334.95 and admits a credit thereon of $101.45. The affidavit sets forth the nature of the plaintiff's claim in the following terms: " For amount due upon a promissory note bearing date May 4, 1895, due 120 days after date with interest, for $334.95, payable to the order of M. K. Duty and signed by the said M. K. Sprinkle and D. A. Sprinkle which note is subject to a credit of $101.45 as of date April 10, 1897." The declaration and affidavit vary only in respect to the extent of descriptive matter, the former describing the note fully and the latter only partially. So far as the affidavit describes it, the terms of the description are in perfect agreement with those employed in the declaration. From both, the cause of action appears to be a certain promissory note, and each so describes it that the defendant may know, with certainty, the nature of the demand

upon which the proceeding is founded.    They are not in
any sense inconsistent.    That a promissory note may be ne-
gotiable, though not so described, and that one described as
negotiable is nevertheless a promissory note, is perfectly
obvious, and, if the other words of description in the two
instruments harmonize, there can be no doubt, in a legal
sense or otherwise, of the identity of the cause of action.
But if a slight unsubstantial variance be admitted, it does
not invalidate the attachment.    Authority is cited in *Sim-
mons* v. *Simmons*, 56 W. Va. 65, 67, holding that the differ-
ence between the affidavit and the declaration must be sub-
stantial in order to have that effect.    In that case the differ-
ence was radical and vital.    The declaration stated a con-
ditional demand and the affidavit an absolute one.    Here, the
departure, if any, consists of mere failure to describe the in-
strument sued on with an equal degree of completeness as to
detail in the declaration and the affidavit.

The motion to quash the return of the sheriff was prop-
erly overruled.    It states the quantity and location of the
land and refers to the deed by which it was conveyed to the
defendants for a more particular description thereof, giving
the number of the deed book in which, and the page thereof
at which, it is recorded, as well as the time of the levy.
The mode of levying an attachment upon real estate, pre-
scribed by the statute, is very liberal.    It is sufficient to en-
dorse on the order of attachment, or upon a paper annexed
thereto, the quantity, or the supposed quantity, and the lo-
cation thereof.    Code, chapter 106, section 5.    Of course, the
lien attaches only to the interest of the defendant,
and that interest is not determined by the return.
It depends upon matters *de hors* the order of attach-
ment and the, return.    A purchaser thereof under the order
of sale obtains only such title as the defendant had, and,
what title he had, is a matter to be proved and determined in
proceedings instituted to obtain possession of the land.    It is,
therefore, clearly immaterial that the return assumes title to
the property in both M. K. Sprinkle and D. A. Sprinkle,
contrary to the fact.    In other words, it matters not that D.
A. Sprinkle had no title to it.

A charge of uncertainty in the declaration as to the plain-
tiff's ownership of the note sued on is predicated upon the

lack of an averment thereof, in view of the negotiability of the instrument, disclosed by the allegations concerning it. It is said the character of the note imports that it may have been discounted and held by the bank at which it was made payable, and the court cannot presume either that it had or had not been negotiated. *White* v. *Romans*, 29 W. Va. 571, prescribing the decree of certainty required in a declaration, cited, in support of this contention, does not sustain it. *Prima facie*, the payee of a note is the owner thereof and nothing further is disclosed by the declaration. If the action had been brought by an apparent stranger to the note, and the declaration had disclosed an endorsement thereof in blank by the payee, the principle declared in *Bank* v. *Hysell*, 22 W. Va. 142, would have been applicable; but, in declaring upon the note as the payee thereof, the plaintiff put himself within the rule therein stated.

The evidence introduced under the pleas of *nil debet* and *non est factum* showed that the note was executed for a debt of the husband. An attempt was made also to prove fraud on the part of the plaintiff in the procurement thereof, in this, that, while acting as the attorney of the defendant, he had held claims against her husband, in exchange for, or by way of extinguishment of, which, he had procured this note from both husband and wife, upon the representation to the latter that she would not be required to pay it. The plaintiff was not her attorney in reference to this matter. As to it, his attitude toward her was hostile. There was no confidential relation between them which he abused or could have abused, As there was no element of fraud in the transaction, the evidence tended only to contradict the written contract and was not admissible. *Towner* v. *Lucas*, 13 Grat. 705. That case merely illustrates a general rule, inhibiting the introduction of parol evidence to contradict, vary, add to or detract from, written instruments of clear and certain import, having wide application in our jurisprudence. It is so well settled and the cases arising under it so numerous as to render it useless to cite them. That the consideration for this note moved to the husband of the plaintiff in error, and not to her, is immaterial. *Hughes* v. *Hamilton*, 19 W. Va. 366.

Though the attachment proceedings were regular and the debt existed, a further contention is that the defendant, having the right under the statute, upon her petition for a rehearing, to make defense as fully as she could have made it, if she had appeared before the judgment was rendered, was entitled to pay the debt and have the sale of the property set aside. This position is taken under a misapprehension as to the meaning of the statute. The offer to pay the debt is not a defense. It is a proposition to redeem the property from a valid sale and conveyance. The review of the record in the attachment suit on the petition for re-hearing, in the form of a trial *de novo*, discloses no error in that record for which the judgment can be vacated. The attachment and the return were valid, the indebtedness existed and the judgment was properly rendered and the sale of the property for the satisfaction thereof followed as a legal sequence. That the title of the purchaser is not to be divested in such manner, is made plain by the statute. As to him there is a saving clause in it, which says: "Except that the title of any *bona fide* purchaser to any property, real or personal, sold under such attachment, shall not be brought in question or impeached." Code, chapter 106, section 25. And in so providing, the legislature has merely adopted a general rule, applicable to re-hearings. See *Platt* v. *Howland*, 10 Leigh 507. But it is said the defendant in error was not a *bona fide* purchaser. It may be that he could not be so considered, if there had been error in the proceeding under which he purchased, sufficient to reverse the judgment, since, as plaintiff in the action, he caused the sale to be made and was, therefore, presumptively cognizant of the errors or defects in the action in which the sale was made. Hence, if the principle invoked applies to purchasers under erroneous attachment proceedings, he is not within it. His alleged fraud in the procurement of the note is also relied upon in this connection, but it has not been established, even if it could have operated further than to reverse or vacate the judgment, in case it had been proven.

Perceiving no error in the judgment, we affirm it.

*Affirmed.*