# CHARLESTON.

CENTRAL ACCEPTANCE CORPORATION v. W. H. FRYE et als., Partners, etc., FRANK BOONE et al.

(No. 5880)

Submitted May 10, 1927.    Decided May 17, 1927.

SALES—*Seller Repossessing Goods Under Conditional Sale Contract May Not Recover From Indorser of Buyer's Note Balance Due Prior to Resale of Goods (Uniform Conditional Sales Act, as Amended by Acts 1925, c. 64; Code, c. 89A, § 120).*

Under the Uniform Conditional Sales Act, as amended and re-enacted by Ch. 64, Acts of 1925, a seller who repossesses goods upon default of the buyer, has no right of action against an endorser of the buyer for balance due on the purchase price of the goods, prior to a resale thereof.

(Sales, 35 Cyc. pp. 697, 703, 704 [Anno].)

(NOTE: .Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Cabell County.

Action by the Central Acceptance Corporation against W. H. Frye and others, as partners transacting business under the name of Boone Motor Company, and others. Judg-

ment for plaintiff, and defendants Frank J. Boone and others bring error.

*Judgment reversed; verdict set aside; case remanded.*

*Vinson, Thompson, Meek & Renshaw,* for Frank Boone and C. L. Massey.

*J. H. Strickling* and *R. P. Asbury,* for defendants in error.

HATCHER, PRESIDENT:

The defendants, as partners, conducted an automobile sales business, under the name of Boone Motor Company. Certain automobiles were sold by them partly on credit, and delivered to the several buyers under conditional sales contracts reserving title in the company until the machines were fully paid for. The deferred payment in each case was represented by a negotiable note signed by the purchaser. These notes and contracts were sold and assigned by the company to the plaintiff. Each of the buyers under the sales contracts defaulted on his note before as much as 50% of the purchase price had been paid. Upon such default, the plaintiff took possession of the automobiles. One of the defendants asked the plaintiff to permit him at his own expense to resell the retaken cars, and to apply the proceeds to the notes in question. This request was refused. Retaining the automobiles in its possession, the plaintiff brought this action against the defendants to recover the balances due on the several notes. The lower court instructed in favor of the plaintiff for the full amount due on the notes.

The plaintiff has proceeded on the theory that this is an ordinary action between the holder and the endorsers of negotiable paper, that the sales contracts are simply securities like any other collaterial attached to notes, and that pending this action it has the right to hold the automobiles as security for the balances due on the several notes.

The position of defendants is that the acts of plaintiff in taking and holding the machines in question without resale, released the makers of the notes, and that such release operates to discharge them as endorsers.

The Uniform Conditional Sales Act, as amended by the Legislature of this state in 1925, defines "seller" as the one who sells goods covered by a conditional sale "or any legal successor in interest of such person". Sec. 1 of the Act. As the legal successor of defendants, the plaintiff became in contemplation of the Act the "seller". Sec. 16 gives to the seller the right to repossess the goods upon default in payment by the buyer. The right of the seller to voluntarily resell retaken goods is recognized. But if the buyer has paid less than 50% of the purchase price at the time the goods are retaken, the Act does not require the seller to resell the goods, unless the buyer demands in writing a resale. See Sec. 20 of the Act. Here none of the purchasers had paid 50% of the purchase price and no buyer demanded a resale. Consequently, a resale was not required of the plaintiff by law, and its retention of the automobiles without resale was entirely voluntary. But such retention materially affected the rights of the parties. "After the retaking of possession as provided by section sixteen, the buyer shall be liable for the price only after a re-sale", etc. Sec. 24 of the Act. That is simply an indirect way of saying that after the goods are retaken by the seller, the buyer shall not be liable, until the goods have been resold and not enough realized therefrom to pay the balance due the seller. That section clearly negatives the right of a seller to hold retaken goods as security and without sale thereof sue the buyer. If the plaintiff has no right of action against the makers of the notes sued on, *a fortiori* it cannot maintain this action against the defendants whose liability is secondary to that of the makers. Sec. 120, Ch. 98A, Code; 3 R. C. L. p. 1278, sec. 509; 8 C. J. p. 612, sec. 850.

Counsel for plaintiff lay some stress on the following sentence in the sales contract: "All laws governing such sales are hereby waived by the purchaser." That sentence occurs in a paragraph which, after providing that the seller could retain retaken cars proceeds as follows: "or said motor vehicle may be sold at private or public sale without being at the place of sale, and with or without notice to Purchaser, and Seller shall have the right at any public sale to purchase

said motor vehicle the same as any other person, and all laws governing such sales are hereby waived by Purchaser. The proceeds of any sale after deducting expenses incurred by the Seller shall be applied to the amount due holders of said note and the surplus, if any, shall be paid to Purchaser; and in case of a deficiency Purchaser covenants to pay forthwith the amount thereof to the holders of said note and does hereby confess judgment in the amount of such deficiency."

The sentences surrounding the above waiver, show clearly that it referred to laws governing an actual sale, and not to the legal rights of the parties where no sale is made. Counsel say that because of the waiver plaintiff was not required "to sell the cars immediately". Whether immediate sale was waived is a moot question in this litigation. The plaintiffs case collapses not because of failure to sell immediately, but for failure to sell *before instituting this action.*

The judgment of the lower court is therefore reversed, the verdict of the jury set aside and the case remanded.

*Judgment reversed; verdict set aside; case remanded.*