W. R. Tabler, *Receiver, etc. v.* Golden M. Hoult

(No. 6918)

Submitted May 20, 1931.   Decided May 26, 1931.

*Ward Lanham* and *H. H. Rose,* for plaintiff in error.

Litz, President:

This is an action by W. R. Tabler, as receiver of the Monongahela Bank of Fairmont, against Golden M. Hoult on a note for $20,000, dated July 20, 1928, signed by Hoult as maker and payable to the order of the bank six months after date. To the judgment of the circuit court entered upon a verdict in favor of defendant, plaintiff prosecutes this writ of error.

The defendant pleaded the general issue and also filed a special plea substantially averring that the note sued on had been given in continuance of a similar note executed by him January 20, 1926, to cover an indebtedness of Hugh F. Smith to the bank, and that he (Hoult), without consideration to himself, was induced by said Smith and Clarence D.

Robinson to execute the said original note solely for the accommodation of Smith and the benefit of the bank.

To secure the obligation assumed by Hoult, the bank retained certain shares of corporate stock belonging to Smith theretofore held by it as security for the Smith indebtedness. With the approval of Hoult, this stock was later issued in his name. Still later, Robinson assigned to the bank the benefit of certain insurance on his life to further secure the debt. Robinson having died, the note was credited with $12,795.63, collected by the receiver from said insurance after the institution of this suit, leaving a balance at the time of the trial of $8,473.08.

The defendant adduced evidence tending to prove a verbal understanding between the officials of the bank and himself, at the time of or prior to the execution of the original note, that he would not be required to pay the obligation. The jury were instructed, in effect, to find for defendant if they should believe the original note was "not based upon a valid consideration", or that a majority of the directors of the bank in lawful meeting at the time the original note was accepted agreed that defendant "should never have to pay the same". Both theories are erroneous; one as applied to the facts, and the other as an abstract statement of law. A valid consideration does not require a benefit to the promisor. "If the promisee, at the instance of the promisor and moved by his promise, do any act which occasions him even the slightest trouble or inconvenience, or in doing which he incurs a risk, the act so performed constitutes a valuable consideration for the promise." *Development Company* v. *Lafferty*, 103 W. Va. 539. "* * * a valuable consideration, in the sense of the law, may consist either in some right, interest, profit, or benefit accruing to the one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other." 6 R. C. L., p. 654.

Parol evidence to prove an agreement between the maker and the payee of a note that the former should not be required to pay it, is inadmissible under the rule inhibiting the introduction of parol evidence to contradict, vary, add to or detract from the terms of a written instrument. *Duty* v. *Sprinkle,*

544

64 W. Va. 39, 60 S. E. 882; *Towner* v. *Lucas' Executor,* 13 Gratt. 705; *Burnes* v. *Scott,* 117 U. S. 582.

The judgment of the circuit court is reversed, the verdict set aside and a new trial awarded.

*Reversed and remanded.*