Mack International Motor Truck Corporation, Appellant, vs. Thelen Trucking Company and others, Respondents.

*May 12—October 13, 1931.*

For the appellant there were briefs by *Alexander, Burke & Clark* of Milwaukee, and oral argument by *Frank P. Burke*.

For the respondents there were briefs by *Lockney & Lowry* and *Jacobson & Malone,* all of Waukesha, and oral argument by *Marcus A. Jacobson* and *Henry Lockney*.

The following opinion was filed June 12, 1931:

OWEN, J. If the indebtedness of the Thelen Trucking Company was discharged either by reason of express agreement or by failure of the plaintiff to observe and follow the requirements of ch. 122, Stats., in foreclosing the contract of conditional sale, it will be unnecessary to consider whether the indorsement of the notes in question by the defendant Lannon Sand & Stone Company was *ultra vires* and beyond the powers of that company. We have no doubt that the evidence supports the finding that an agreement in terms was

entered into between Morgan and the Thelen Trucking Company by which Morgan agreed to release and discharge the indebtedness of the Thelen Trucking Company if Thelen would deliver the trucks to the plaintiff at Milwaukee. We have much doubt, however, concerning the authority of Morgan to bind the plaintiff by this agreement, and we prefer to rest our affirmance of the judgment upon the proposition that the Thelen Trucking Company was released from its indebtedness by reason of the failure of the plaintiff to comply with the requirements of the statutes regulating the repossession and resale of property subject to contracts of conditional sale.

Sec. 122.19, Stats., provides that the seller shall give to the buyer not less than ten days' written notice of the sale either personally or by registered mail directed to the buyer at his last known place of business or residence. The notice of sale provided and advertised that the sale would take place on the 9th of August. The notice of sale was served on the Thelen Trucking Company on August 1, 1929, less than ten days prior to the sale. When this was discovered, the plaintiff procured Mr. Thelen, who was president of the Thelen Trucking Company, to consent that the sale be adjourned from the 9th day of August to the 10th day of August, and that the sale be held at that time without further notice to the Thelen Trucking Company. This presents the question of whether the vendee may after default waive the terms and conditions required by the statute upon the foreclosure of a conditional sale contract.

It is not contended that the notice actually given satisfies the requirements of the statute, but plaintiff contends that it was the right and privilege and within the power of the Thelen Trucking Company to waive that notice, and that it did so by giving the consent above indicated. It is both apparent and generally recognized that the statutory regulation of such contracts is to protect the improvident and

necessitous from unfair dealing and imposition. Sec. 122.26 prohibits any agreement on the part of the buyer before or at the time of the making of the contract, and prohibits any agreement in the contract by which the buyer waives any of his rights of redemption. Waiver of this right to redeem in such cases has been held void by courts in the absence of any such statutory inhibition. *Desseau v. Holmes,* 187 Mass. 486, 73 N. E. 656. The right to redeem under contract of conditional sale was there held analogous to the right to redeem a real-estate mortgage, and that any waiver of that right was void as against public policy. The fact that the statute now so declares, indicates a determined legislative effort to throw around those whose financial necessities compel them to resort to such contracts a protection which they themselves may not waive or destroy.

While the statute we are considering only prohibits such waivers as a part of the original contract, we have to consider whether the spirit and the purpose of the law require the holding void of such a waiver made at a subsequent time. This exact question has received the consideration of the New York court of appeals in *Adler v. Weiss & Fisher Co.* 218 N. Y. 295, where it was concluded that, "the legislative purpose being to mitigate the possible harshness sometimes arising under such conditional sale contracts, we think that purpose would be frustrated if a mere waiver or consent not in the form of a contract by a vendee then in default could serve to take such contract out of the protection of the statute." This is the only judicial expression upon this exact subject to which we have been referred. Even though we were not impressed with the soundness of this conclusion, we should be much disposed to follow the lead of this distinguished court where the uniform construction of uniform statutes is so desirable. However, we regard the conclusion of the New York court as one required, if not by its letter, by the spirit and purpose of the conditional sales

act. The right of redemption is a valuable right which the law secures to the buyer. The terms of sale are not difficult to comply with. They impose no undue hardship upon the seller. If a deviation from the terms of the statute be tolerated where the deviation is slight, the door will be opened for other and greater departures and there will be a gradual fading of the definite and exact requirements of the statute. If we concede the right of the buyer to waive these requirements we will remove from the subjects of the law's solicitude a protection which was designed for their benefit. The notice of sale in this case was not that required by statute. The sale was void and, less than fifty per cent. of the purchase price having been paid, the repossession of the trucks discharged the indebtedness, as judgment for deficiency may be had only in the event of a valid resale. Sec. 122.22, Stats.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on October 13, 1931.