CAPITAL CITY BANK *v.* W. A. FOSTER

(No. 7342)

Submitted September 13, 1932.   Decided September 20, 1932.

*A. G. Thompson,* for plaintiff in error.
*George D. Moore* and *W. W. Wertz,* for defendant in error.

HATCHER, PRESIDENT:

On June 16, 1931, the defendant executed to plaintiff a negotiable note for $2,950.00 payable ninety days from date. The note was not paid when due, and shortly afterwards, this proceeding was brought to enforce payment. The court below rendered a judgment for the defendant, without prejudice, which the plaintiff would have reversed.

Defendant was allowed below both to plead and introduce evidence of an oral agreement with an executive officer of plaintiff, made contemporaneously with the note, that defendant was to have eighteen months from June 16, 1931, in which to pay the note, and was merely to renew it every ninety days. The only question presented on this writ of error is, can this alleged oral agreement, as to time of payment, be permitted to contradict the time written in the note?

In 1815, the learned chancellor, James Kent, speaking for the Supreme Court of New York, said: "There is no rule of evidence better settled than that which declares that parol evidence is inadmissible to contradict, or substantially vary, the legal import of a written agreement. · Such testimony is not only contrary to the statute of frauds, but to the maxims of the common law. * * * The general rule is certainly not to be questioned or disturbed. It ought not to be a subject of discussion. It is as well grounded in reason and policy as it is in authority." *Stevens* v. *Cooper,* 1 Johns. 425, 429. In 1850, the Supreme Court of Virginia declared the above rule was "perfectly well settled." *Watson* v. *Hurt,* 6 Gratt. 633, 644-5. In 1908, this court said the rule was so well settled that citation of authority was useless. *Duty* v. *Sprinkle,* 64 W. Va. 39, 43, 60 S. E. 882. And in 1931, we reiterated the rule. *Tabler* v. *Hoult,* 110 W. Va. 542, 158 S. E. 782. See specific application of the rule to negotiable instruments in Jones Comm. on Ev. (2d Ed.), sec. 1640.

Counsel for defendant admit the rule, but with much diligence have brought to our attention many cases in which parol testimony has been received against a written instrument. In discussing just such cases Judge Allen of the Supreme Court of Virginia said: "Courts, while laying down the rule as unquestioned and unquestionable, * * *

have drawn distinctions to. take particular cases of apparent hardship from without its operation, which at first view, would seem to violate the rule itself. An examination of the cases, however, I think, will show that no case has been decided in which such oral evidence has been received to engraft upon or incorporate with, thé contract, an incident occurring cotemporaneously therewith, and inconsistent with its terms." *Towner* v. *Lucas,* 13 Gratt. 705, 711. The only exceptions to the rule admitted by chancellor Kent, in *Stevens* v. *Cooper, supra,* are transactions involving fraud, mistake, or surprise. As none of those elements are asserted in this transaction, it was error to permit pleading and proof of the alleged oral agreement, and the judgment of the lower court is reversed.

*Reversed and remanded.*