JAMES CARTER, Plaintiff, v. BROCKWAY MOTOR COMPANY, INC., Defendant.

VIOLA STEINER, as Assignee of the BROCKWAY MOTOR COMPANY, INC., Plaintiff, v. JAMES CARTER, Defendant.

(Consolidated Actions.)

Supreme Court, Special Term, Kings County, May 27, 1935.

*Sutherland & Weber*, for the motion.

*Goodman & Werner*, opposed.

CUFF, J. Motion by James Carter for summary judgment in each of these two actions which have been consolidated by order. Viola Steiner, as assignee of Brockway Motor Company, Inc., is suing Carter for a deficiency judgment as a result of an alleged public auction sale of a repossessed motor truck which Carter had purchased from Brockway on a conditional sales agreement. The other suit is one instituted by Carter against Brockway under section 80-e of the Personal Property Law, which authorizes a conditional vendee to collect damages if his vendor has failed to comply with the law. The facts are not in dispute. At a time, December 19, 1933, when less than half of the purchase price had been paid, the truck was repossessed by Brockway because Carter had defaulted in meeting the installments. Brockway, although not duty bound to do so (Pers. Prop. Law, § 80), set in motion the machinery to foreclose Carter's interest pursuant to the Personal Property Law and thus derive the benefits that would flow from such action. Written notice of the sale was dated December 21, 1933. It was received in the mail by Carter the next day. The notice stated that the sale would be held on January 2, 1934.

Both of Carter's motions are based upon insufficient notice of that sale.

When Brockway essayed to hold the sale, it was bound to conform to section 79 of the Personal Property Law with respect to the manner, place and notice of the sale. That section requires that the seller give " not less than ten days' written notice of the sale, either personally or by registered mail."

December twenty-second, the day the notice was received, must be excluded from the computation, because part of the day had expired (notice was delivered by mail) when it reached the buyer. January second cannot be counted, because the sale was held at ten-thirty A. M. on that day. Beginning the count on December twenty-third as the first day, the tenth day would be January first. As that day was the last day of the period and a public holiday, it too must be excluded. (Gen. Constr. Law, § 20.)

Section 79 of the Personal Property Law requires " not less than ten days' " notice of the sale. Section 20 of the General Construction Law provides that " a number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days." A calendar day " includes the time from midnight to midnight " (Gen. Constr. Law, § 19).

The period of notice given to the buyer of calendar days, therefore, was from and including December twenty-third to and including December thirty-first or nine days, one day short of the statutory requirement. (See Pers. Prop. Law, § 79.) The notice being defective, the sale was void. Judgment must be rendered against plaintiff Steiner in her action which rests upon compliance by her assignor, Brockway, with the Personal Property Law. Summary judgment cannot be entered in favor of Carter because the purchase price and the amount paid on installments are in dispute. This affects the " actual damages " which Carter is authorized to collect under section 80-e of the Personal Property Law. The denial in Brockway's answer of the tenth paragraph of Carter's complaint which alleges that the sale was not conducted in accordance with sections 79 and 80 of the Personal Property Law will be stricken out.

Motion granted in action Steiner v. Carter and denied in Carter v. Brockway Motor Company, Inc.