C. I. T. CORPORATION, Plaintiff, *v.* LAWRENCE JOFFE, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District,
October 23, 1935.

*Joseph G. Myerson* [*M. Cook* of counsel], for the plaintiff.

*Sidney E. Friedman* [*Isadore Rose* of counsel], for the defendant.

LEFKOWITZ, J. The plaintiff, as assignee of the Studebaker Corporation of America, sues the defendant to recover a balance of $589.81, alleged to be due on a promissory note made by the defendant on the 5th day of May, 1934, in the original sum of $1,013.76. The facts are not in dispute. The note was given in connection with the purchase of a Studebaker St. Regis sedan automobile by the defendant, who simultaneously executed a conditional sales contract, which was assigned to the plaintiff at the same time when the promissory note was negotiated to it. As a matter of law, the plaintiff took the promissory note and conditional sales contract

subject to all the equities existing in favor of the defendant. (*Federal Credit Bureau* v. *Zelkor Dining Car Corp.*, 238 App. Div. 379.) The sale price of the automobile was $1,394.76, of which less than half, or $381, was paid by the defendant. The defendant defaulted in payment and the automobile was repossessed by the plaintiff and proceedings instituted for its sale at public auction pursuant to section 80 of the Personal Property Law. The amount sued for is actually the deficiency after such sale. The defendant counterclaims under section 80-e of the Personal Property Law, which authorizes the conditional vendee to collect damages if his vendor has failed to comply with the law. The defendant contends that the notice of sale given by the plaintiff was inadequate compliance with sections 79 and 80 of the Personal Property Law, in that the plaintiff did not give " not less than ten days written notice of sale, either personally or by registered mail."

It is conceded that the plaintiff, although not duty bound to do so (Pers. Prop. Law, § 80), set in motion the machinery to foreclose the defendant's interest pursuant to the Personal Property Law and thus to derive the benefits that would flow from such action. Written notice of sale was mailed on July 18, 1934. It was received in the mail by the defendant the next day. The notice said that the sale would be held on July 30, 1934. July nineteenth, the day the notice was received, must be excluded from the computation, because part of the day had expired (notice was delivered by mail) when it reached the buyer. July thirtieth cannot be counted because the sale was held at ten-fifteen A. M. on that day. Beginning the count on July twentieth as the first day, the tenth day would be July twenty-ninth. As that was the last day of the period and a Sunday, it too must be excluded. (Gen. Constr. Law, § 20.) The period of notice given to the buyer by calendar days (See Gen. Constr. Law, § 19), therefore, was from and including July twentieth to and including July twenty-eighth, or nine days, one day short of the statutory requirement. (See *Carter* v. *Brockway Motor Co.*, 158 Misc. 558.) The latter case has since been followed in this department and the court is constrained to follow it as enunciating a reasonable interpretation (COTILLO, J., in *404 West 53d Street Operating Corp.* v. *Checker Cab Sales Corp.*, N. Y. L. J. July 5, 1935, p. 45).

Even the case of *Ellner* v. *Commercial Credit Corp.* (137 Misc. 251), cited by the plaintiff, is authority for the proposition that " the voluntary sale, being ineffectual because of the insufficiency of the notice, the seller lost the right to surcharge the buyer with any deficiency." It follows, therefore, that the defendant is entitled to judgment dismissing the complaint on the merits.

Another question arises as to the counterclaim. The defendant seeks to recover the statutory damage of $95.25, or one-fourth of $381, being the minimum prescribed by the statute (Pers. Prop. Law, § 80-e). If the defendant had paid more than half of the purchase price, the plaintiff would have been required to resel' (Pers. Prop. Law, § 79), and upon a void sale the defendant would have been entitled to recover statutory damage (Pers. Prop. Law, § 80-e). Where the seller has received less than the fifty per cent of the contract price, he " may voluntarily resell the goods for the account of the buyer on compliance with the same requirements " (Pers. Prop. Law, § 80). In this case the plaintiff (the seller's assignee) elected voluntarily to resell. When it essayed to hold the sale it was bound to " compliance with the same requirements " and to conform to section 79 of the Personal Property Law, with respect to the manner, place and notice of sale. Having failed so to do, it subjected itself to the liability prescribed (Pers. Prop. Law, § 80-e). The defendant did not prove any actual damage, however, and is entitled, therefore, only to the minimum prescribed by the statute. There should be a judgment dismissing the complaint on the merits and a judgment for the defendant on his counterclaim, in the sum of $95.25.