WEST VIRGINIA MACK SALES COMPANY

*v.*

BONN BROWN, *et al.*

(No. 10604)

Submitted January 26, 1954. Decided March 30, 1954.

668

*Robinson and Stump, Howard L. Robinson, James E. McNeer,* for plaintiff in error.

*Philip J. Graziani, Bonn Brown,* for defendants in error.

HAYMOND, JUDGE:

This action by notice of motion for judgment was instituted by the plaintiff West Virginia Mack Sales Company, a corporation, in the Circuit Court of Randolph County, in January, 1951, to recover from the defendants Bonn Brown and Russell H. Henderson the sum of $2712.13 represented by a negotiable promissory note for that amount dated August 23, 1948, payable to the plaintiff on demand with interest, and signed by the defendants as makers. The claim of the plaintiff, including principal and interest to December 30, 1950, amounted to $3094.98.

The notice, returnable February 20, 1951, with an affidavit attached, was filed in the office of the clerk on January 30, 1951. On February 20, 1951, the proceeding was placed upon the docket of the court and counter affidavits of the defendants denying the claim of the plaintiff and their plea of non assumpsit were filed. On March 15, 1951, the defendants also filed a written statement of defense. Evidence consisting of the testimony of some witnesses given in court and the testimony of other witnesses in the form of depositions was introduced in behalf of the respective parties who, by agreement, waived a jury, and all questions of fact presented by the evidence

were submitted to the court in lieu of a jury. The court found and entered judgment in favor of the defendants and awarded costs against the plaintiff. To that judgment this Court granted this writ of error upon the petition of the plaintiff.

On August 23, 1948, at Clarksburg, the plaintiff as the owner of a 1948 Model LFT Mack Truck sold the truck to the defendant Henderson. The entire purchase price, including insurance premiums and finance charges was the sum of $8619.37. In negotiating the sale James C. Randolph, as president, and Eugene Watkins, as vice president, represented the plaintiff, West Virginia Mack Sales Company, and Watkins told Henderson that a cash or down payment of one third of the purchase price would be required. Henderson was unable to make the required payment and Watkins agreed to accept a note signed by a responsible person as such payment. Henderson suggested the defendant Brown, an attorney of Elkins, West Virginia, as a party to the note. He was called by telephone and gave his consent. The note was then prepared, sent to Brown, signed by him and Henderson and delivered to the plaintiff and is in this form: "$2712.13 Clarksburg, W. Va., August 23, 1948,—On Demand—After Date We Promise to Pay to the Order of West Virginia Mack Sales Company without offset and for value received—Two Thousand Seven Hundred Twelve and 13/100 Dollars Negotiable and Payable at The Lowndes Savings Bank & Trust Company, Clarksburg, W. Va. With interest from date. 6% Russell H. Henderson Bonn Brown."

Simultaneously with the execution and the delivery of the foregoing note, the defendant Henderson executed and delivered to the plaintiff, in connection with the sale of the truck, conditional sales agreement and note, also dated August 23, 1948, for $5907.24, representing the residue of the purchase price, payable to the order of the plaintiff at the office of Dealers Credit Corporation, at Parkersburg, West Virginia, due in eighteen monthly installments of $328.18 each. The agreement also provided that title to

the truck should remain in the plaintiff until the note incorporated in the agreement should be fully paid. Immediately after execution and delivery of the agreement it was assigned by the plaintiff to Dealers Credit Corporation.

After the sale was concluded Henderson issued a check dated September 7, 1948, for the first installment of the deferred purchase money represented by the note for $5907.24. Payment of the check was refused by the bank on which it was drawn for lack of sufficient funds to his credit. Henderson also removed the truck from this State without the knowledge of the plaintiff. About eight months after the sale was completed the truck was located in his possession in Albany, Georgia. At that time some of its tires and other equipment were missing. It was brought back to Clarksburg by an employee of the plaintiff where it was repaired and remained for several months. Henderson was arrested upon a warrant charging him with the offense of issuing and delivering a worthless check and after his arrest the check dated September 7, 1948, was paid. Henderson made no other payment on the conditional sales note and neither he nor Brown has paid any part of the note for $2712.13.

The president of the plaintiff testified that in repossessing the truck when it was located in Georgia he acted for and represented Dealers Credit Corporation the assignee of the conditional sales agreement. After the truck had been repaired or reconditioned and had remained in the custody of the plaintiff for several months it was sold by the plaintiff at private sale to an individual purchaser on March 1, 1950, for $4000.00 and the proceeds of the sale in that amount were paid to Dealers Credit Corporation. Before it was sold in that manner Brown on more than one occasion verbally notified the plaintiff to sell it at public sale but no written notice demanding a resale of the truck was given by him or Henderson to the plaintiff at any time.

The note for $2712.13 signed by Henderson and Brown

as makers does not mention or refer to the conditional sales agreement, which was also dated August 23, 1948, signed by Henderson, or the note for $5907.24 incorporated in that agreement; and the conditional sales agreement and the note incorporated in it likewise contain no reference to the note for $2712.13. Randolph, the president of the plaintiff, Watkins, its vice president, who was called as a witness by the defendants, and the defendant Henderson, all testified that at the time the sale was made and the note for $2712.13 was executed it was given by the defendants and accepted by the plaintiff as a down payment in lieu of cash. Henderson, however, also testified "My understanding with Mr. Watkins was that I could keep payments up and pay some on note and if I hadn't the note all paid off when truck was paid for I could finance this note and run it through and handle it as payments on payment plan." In testifying concerning the note, when asked if he considered it as a cash payment, the defendant Brown gave this answer: "I can't say whether it was considered cash payment or not by West Virginia Mack, I only know what was told me when I talked with them at the time this transaction was made, and the fact that the note was given because it was necessary that they have something for down payment, and that note was to be paid by Henderson as he worked and it was my understanding to be covered by conditional sales contract so I would be protected, and in addition to be refinanced after enough payments were made for it to be refinanced and extended." The plaintiff concedes that it has no claim against either Henderson or Brown for the difference between the unpaid balance of the note incorporated in the conditional sales agreement and the sum of $4000.00 realized by the sale of the truck to an individual purchaser on March 1, 1950.

The plaintiff contends that the note for $2712.13, on which this action is based, is not a part of and is not covered by the conditional sales agreement and note, and that the provisions of the agreement and of Article 3, Chapter 40, Code, 1931, generally referred to as the Uni-

form Conditional Sales Act, do not apply to the note which was considered by the parties to it as a cash payment in connection with the sale of the truck.

On the contrary the defendants contend, in substance, that the note for $2712.13 is included in and covered by the conditional sales agreement as part of the purchase price for the truck; that at the time it was executed and delivered the defendants understood that it was to be paid in installments and any unpaid balance remaining after the conditional sales note was paid would be refinanced on some deferred payment plan; that the provisions of the Uniform Conditional Sales Act apply to it; and that the plaintiff, by repossessing the truck, retaining possession of it for many months as its own property, and selling it at private sale, discharged the defendants of any obligation to pay the note under Section 23 of that statute.

The note on which this action is based is clear and free from ambiguity and its terms and provisions contain no reference to the conditional sales agreement or the note incorporated in it, or to any other written instrument. The evidence of the persons present and participating when it was negotiated shows clearly that it was made and accepted as a down payment in lieu of cash in connection with the sale of the truck. The testimony of the defendants to the effect that there was some verbal understanding between the parties by which the note was to be paid at a different time or in a different manner from the time and the manner expressly provided by its terms was inadmissible under the rule which inhibits the introduction of parol evidence to contradict, vary, add to or detract from the terms of an unambiguous written instrument in the absence of a showing of illegality, fraud, duress, mistake or surprise, none of which is asserted as existing in connection with the sale. *First Huntington National Bank* v. *Gideon-Broh Realty Company,* 139 W. Va. 130, 79 S. E. 2d 675; *Hartmann* v. *The Windsor Hotel Company,* 136 W. Va. 681, 68 S. E. 2d 34; *Shaffer* v. *Calvert Fire Insurance Company,* 135 W. Va. 153, 62 S. E. 2d 699;

*Kanawha Banking and Trust Company* v. *Gilbert,* 131 W. Va. 88, 46 S. E. 2d 225; *Central Trust Company* v. *Virginia Trust Company,* 120 W. Va. 23, 197 S. E. 12. When the time of payment is stated in an unambiguous promissory note a contemporaneous oral agreement which fixes a different time or extends the time or imposes any other condition inconsistent with the terms of note is inadmissible. *Capitol City Bank* v. *Foster,* 112 W. Va. 520, 165 S. E. 802. Parol evidence of an agreement between the maker and the payee of a note that the maker should not be required to pay it is inadmissible under the rule which inhibits the introduction of parol evidence to contradict, vary, add to or detract from the terms of an unambiguous written instrument. *Tabler* v. *Hoult,* 110 W. Va. 542, 158 S. E. 782; *Duty* v. *Sprinkle,* 64 W. Va. 39, 60 S. E. 882.

The contention of the defendants that the note for $2712.13, which represented the cash payment for the truck, is embraced in and covered by the conditional sales agreement is not well founded. It is completely refuted by the terms of the note itself, which contains no mention of the agreement or the installment note incorporated in it for the unpaid residue of the purchase price of $5907.24, and by the terms of the agreement and the installment note neither of which mentions or refers to the note for $2712.13. The agreement deals only with the unpaid portion of the purchase price set forth in the installment note incorporated in the agreement. For that reason the provisions of the Uniform Conditional Sales Act relating to repossession and resale after default by the buyer in the payment of the deferred purchase money covered by the agreement do not apply to a cash payment of the agreed portion of the purchase price made when the sale is effected or to a note given and accepted as such down payment in lieu of cash. There is no provision of the Uniform Conditional Sales Act, as enacted by the Legislature of this State, which entitles the buyer to recover such cash payment from the seller for his violation of the terms of a conditional sales agreement or his failure to comply with any provision of that act. Instead, and to the

exclusion of any such right of recovery of the cash payment by the buyer, Section 25 provides that if the seller, after retaking the property, fails to comply with the provisions of Sections 18, 19, 20, 21 and 23, which relate to repossession and resale and discharge of the obligation of the buyer, the buyer may recover from the seller his actual damages, if any, and, in any event, not less than one-fourth of the sum of all payments made under the agreement with interest.

Section 19 provides in part: "If the buyer does not redeem the goods within ten days after the seller has retaken possession, and the buyer has paid at least fifty per cent of the purchase price at the time of the retaking, the seller shall sell them at public auction in the state where they were at the time of the retaking, such sale to be held not more than thirty days after retaking. The seller shall give to the buyer not less than ten days' written notice of the sale, either personally or by registered mail, directed to the buyer at his last known place of business or residence. The seller shall also give notice of the sale by at least three notices posted in different public places within the county where the goods are to be sold, at least five days before the sale. * * *."

Section 20 is in these words: "If the buyer has not paid at least fifty per cent of the purchase price at the time of the retaking, the seller shall not be under a duty to resell the goods as prescribed in section nineteen of this article, unless the buyer serves upon the seller, within ten days after the retaking, a written notice demanding a resale, delivered personally or by registered mail. If such notice is served, the resale shall take place within thirty days after the service, in the manner, at the place and upon the notice prescribed in said section nineteen. The seller may voluntarily resell the goods for account of the buyer on compliance with the same requirements."

Section 23 contains these provisions: "Where there is no resale, the seller may retain the goods as his own property without obligation to account to the buyer except as pro-

vided in section twenty-five of this article, and the buyer shall be discharged of all obligation."

None of the three foregoing sections relates to the initial cash payment made at the time of the sale or to a note given and accepted as a down payment in lieu of cash. Sections 19 and 20 deal with the rights and the duties of the seller and the buyer with respect to repossession and resale of the property and Section 23 relates to the discharge of the obligation of the buyer when there is no resale and the seller retains the property as his own. To preserve and enforce his right to collect the unpaid purchase money covered by the conditional sales agreement the seller must comply with the applicable provisions of Section 19 or Section 20 in repossessing and reselling the property. Henderson, the buyer, had not paid fifty per cent of the purchase price of the truck when it was retaken and he did not demand a resale by written notice to the plaintiff within ten days after it was repossessed. The plaintiff did not comply with the provisions of Section 19 or Section 20 in reselling the truck but kept it as its own property for several months after it was repossessed and then sold it at private sale. In disposing of the truck in that manner the plaintiff discharged the defendant Henderson from any obligation on his part to pay the unpaid portion of the purchase money covered by the conditional sales agreement and the installment note incorporated in it. This is apparently conceded by the plaintiff and that question is not presented in this proceeding. As the defendant Brown did not sign and was not a party to the conditional sales agreement he incurred no obligation to pay any part of the deferred purchase money covered by that agreement and the note incorporated in it.

As the note for the down payment in lieu of cash is not a part of the agreement and is not covered by it, the acts of the plaintiff in repossessing the truck, in keeping it for several months as its own property, and in selling it at private sale, were not within the provisions of Section

23 of the statute and did not discharge the defendants as makers of the note from the obligation of each of them to pay it. The provision of that section which discharges the buyer from "all obligation" means all obligation incurred or imposed by the conditional sales agreement and does not apply to a note which is given and accepted as a down payment in lieu of cash and is not included in such agreement.

In 78 C. J. S., Sales, Section 600 (a), the text relating to a note which is not covered by the terms of a conditional sales contract is in these words: "Where a note was not included within the conditional terms of the contract, but was given and accepted as the equivalent of cash for a preliminary payment, a recovery may be had thereon, notwithstanding the recaption of the property by the seller; and this is true whether the note was executed by the buyer or by a stranger to the conditional contract. In these circumstances, there is no failure of consideration by reason of the retaking of the property. Where the note given to take the place of a cash payment was itself a part of the contract of conditional sale, there can be no recovery on the note after a retaking of the property by the seller, because the consideration for the note is destroyed by the retaking of the property."

In discussing this subject 47 Am. Jur., Sales, Section 961, employs this language: "Whether the general rule which prevents recovery of the purchase price after repossession operates to bar a recovery by a conditional vendor on a note or other obligation given as a down payment depends upon whether the note or other obligation comes under the condition of the contract or was accepted as payment in lieu of cash and is independent of the condition. Thus, where a note is considered as a payment pro tanto and is not included in the conditional agreement, whether it is the note of the vendee or of a third person, consideration therefor does not fail upon the vendor's repossession of the property, and he may enforce the note. However, where a note represents part of the purchase price, even

though given as a down payment, if it is not independent of the conditional sales agreement and the terms of such agreement include the note given as down payment, then a repossession of the property will prevent an enforcement of the note."

Though this Court has not passed upon this question in any reported case under the Uniform Conditional Sales Act or before its adoption by the Legislature of this State, the question has been considered by the court of last resort in two other jurisdictions which at the time had not adopted the uniform act.

In *Franz* v. *Hair*, 76 Utah 281, 289 P. 130, 83 A. L. R. 990, the parties agreed upon a sale of a motor truck for $8509.95. The buyer paid $2113.45 in cash and gave his note for $453.55 to the seller. The parties executed a conditional sales agreement which provided that the seller retained title to the truck until payment of the residue of $5942.95 was made and recited that title should not pass until all the money "herein agreed to be paid" was paid. The Supreme Court of Utah held that the parties considered the note for $453.55 as a payment and intended to exclude it from the agreement and that the plaintiff, who repossessed the truck and retained it as his own property, was entitled to recover on the note. In the opinion the court said: "We are of the opinion that these facts show with reasonable clearness it was the intention of the parties that the note sued on should be considered as payment pro tanto. It is referred to in the contract as a cash payment. Respondent could not repossess the property for failure to pay at maturity the note sued on. This note is in no way included in the conditional agreement. The provision of the contract is that title shall not pass until 'all money *herein* agreed to be paid' has been fully paid in cash. This does not refer to the note sued on, but to the balance which was agreed to be paid in installments. The note is necessarily excluded because treated in the contract as a part of the cash payment." In the case at bar the plaintiff could not have repossessed the truck because of failure or refusal by the defendants to pay the note for

$2712.13 if the deferred payments set forth in the conditional sales agreement were made as required by its terms. Its only remedy with respect to the note was to sue for judgment on it and it has pursued that course by the institution of this proceeding.

In *Norman* v. *Meeker,* 91 Wash. 534, 158 P. 78, Ann. Cas. 1917D, 462, in which the plaintiff sold certain goods to the buyer for $1000.00 under a conditional sales agreement which recited that of the agreed purchase price the buyer had paid a note for $500.00 and acknowledged receipt of that amount. The note was signed by the buyer and the defendant Meeker who was not a party to the sale. Upon default of the buyer in the payment of the residue of the purchase price covered by the conditional sales agreement the seller was given possession of the property. The Supreme Court of Washington held that when a note was not included in a conditional sales agreement, but was given as the equivalent of cash for a preliminary payment, the consideration for the note did not fail by reason of the repossession of the property by the seller upon default by the buyer in the payment of the residue of the purchase price covered by the agreement and that the seller could enforce payment of the note against a stranger to the transaction who signed the note.

Under the above cited authorities and for the foregoing reasons, the seller of goods under a conditional sales agreement, who is the holder of a note which is not included in such agreement but which was given by the buyer and accepted by the seller as the equivalent of cash for a preliminary payment, may recover the proceeds of the note after the seller has repossessed the property and retained and sold it as his own; and the buyer or other person who signs the note is not discharged from liability to pay it by the provisions of Section 23, Article 3, Chapter 40, Code, 1931.

In support of their contention that the note for $2712.13 is included in the conditional sales agreement, that the provisions of the Uniform Conditional Sales Act apply to

it, and that the plaintiff, by repossessing the truck, retaining possession of it for many months as its own property, and selling it at private sale, discharged the defendants of any obligation to pay the note under Section 23 of the act, the defendants cite *Central Acceptance Corporation* v. *Massey,* 107 W. Va. 503, 148 S. E. 864; *Midland Investment Company* v. *Nelson,* 107 W. Va. 220, 148 S. E. 9; *Central Acceptance Corporation* v. *Frye,* 103 W. Va. 689, 138 S. E. 369; *C. I. T. Corporation* v. *Joffe,* 157 Misc. 225, 283 N. Y. S. 881; and *Mack International Motor Truck Corporation* v. *Thelen Trucking Company,* 205 Wis. 434, 237 N. W. 75, 83 A. L. R. 952. The question involved in this proceeding, which is whether the plaintiff can recover on a note signed by the defendants, given and accepted as a down payment in lieu of cash and not included in a conditional sales agreement covering the residue of the unpaid purchase price, was not presented or considered in any of those cases. In each of them the seller or his assignee sought to recover a deficiency judgment for the unpaid portion of the purchase price included in a conditional sales agreement, a question not here involved, and in consequence those cases have no present application.

The judgment of the Circuit Court of Randolph County is reversed, the finding in favor of the defendants is set aside, and this case is remanded for a new trial which is here awarded the plaintiff.

*Reversed and remanded.*

GIVEN, PRESIDENT, dissenting:

I am of the view that Point 1 of the syllabus attempts to apply a good rule of law to an inapplicable factual situation. Undoubtedly, the promissory note in question constituted part of the transaction whereby the sale of the truck was made. The majority points out that it was given in lieu of cash in that transaction. The reasoning, however, of the majority seems to be based on the theory that the note was not a part of the conditional sales "agreement". The law which I believe should control here is stated in 7 M. J., Evidence, Section 156: "Still another exception to

the parol evidence rule is that parol evidence is admissible to connect two or more instruments evidencing the same transaction, where the connection does not appear on their face. Where a written instrument contains a reference to some other writing, parol evidence is admissible for the purpose of identifying the writing so referred to.

"Where two papers are executed at the same time between the same parties, in reference to the same subject matter, they must be regarded as parts of one transaction and receive the same construction as if their several provisions were in one and the same instrument. The admission of evidence in regard to the contemporaneous agreement does not in the slightest degree impinge upon the parol evidence rule. Such evidence neither tends to contradict nor to vary the terms of the contract. It simply admits evidence of the entire contract in all of its several parts, as finally concluded, in order to determine the rights of the parties thereunder." And in 7 M. J., Evidence, Section 159, we find this statement: "Generally, parol evidence is admissible to vary the consideration stated, to show an additional or different consideration, to show want of consideration, or failure of consideration * * *". Numerous authorities are cited to the text. We are not concerned here with rights of *bona fide* holders of such a note.

As to the facts of the transaction whereby the sale was made, no dispute exists. The price and terms of the sale having been agreed to, the buyer being unable to make the required down payment, the note in controversy was accepted in lieu of the down payment. A sales contract containing the usual conditions relating to title, not mentioning the note, was executed and delivered at time of delivery of the note. The seller refused to deliver the contract until the note was obtained. Upon breach of conditions of the contract by the buyer, less than fifty per cent of the purchase price having been paid, the seller, as he had the right to do under Code, 40-3-20, elected to retain the truck as his own and make private sale thereof.

Code, 40-3-23, reads: "Where there is no resale, the seller

may retain the goods as his own property without obligation to account to the buyer except as provided in section twenty-five of this article, and the buyer shall be discharged of all obligation." Notice that in such circumstances the buyer is "discharged" from "all obligation", not merely part of the obligations of the sales transaction.

The Uniform Conditional Sales Act undertook to regulate the rights and liabilities of parties entering into such contracts, both the buyer and the seller. As applied to the instant case, the seller had the right thereunder to elect whether he would make sale of the truck, after repossession, in accordance with the provisions of the Act, and thereby preserve rights with reference to collection of any unpaid balance of the sales price, or to treat the truck as his own property and thereby "discharge" the buyer from "all obligation" relating to the sales transaction, not merely the unpaid consideration mentioned in the sales contract. I can see no uncertainty or ambiguity in the words "all obligation". Is not the promissory note an obligation? I would apply the statute as written by the Legislature, not attempt to add thereto unexpressed limitations.

The seller could have required the down payment to have been paid in cash. He did not elect to do so but, instead, elected to accept an obligation to pay the promissory note. His election could not have had the effect of preventing the obligation from being a part of the sales price, part of the same transaction. Also, the seller could have elected to sell the truck at public auction, as provided by the statute, after repossession, and thereby preserved his right to collect the unpaid purchase price, including the note. Instead, however, he elected to treat the truck as his own, thereby "discharging" the buyer from payment of the unpaid purchase price.

The purpose of the applicable part of the Uniform Conditional Sales Contract Act was to protect an unfortunate buyer from a practice, formerly prevalent among some unscrupulous sellers, of repossessing property under

682

any pretense and, after repossession, suing the buyer for the unpaid purchase price. The construction now given the Act by the Court, in effect, gives the seller the same evil and unfair advantage.

The quotations from Corpus Juris Secundum and American Jurisprudence appearing in the majority opinion refer only to the question of failure of consideration, a question not here involved. They make no attempt to interpret or apply a statute such as ours. The holdings referred to in the majority opinion which were not with reference to the Uniform Conditional Sales Act, or any similar Act, are not controlling.

Being of the views indicated, I respectfully dissent. I am authorized to say that Judge Riley concurs in this dissent. We would affirm the action of the trial court.