Rockingham,
No. 4501.

ARTHUR G. RANDALL d/b/a RANDALL SALES AND SERVICE

*v.*

LAWRENCE PINGREE.

Argued September 4, 1956.

Decided October 2, 1956.

*Grinnell & Grinnell* and *Aaron A. Harkaway* (*Mr. Harkaway* orally), for the plaintiff.

*Joseph E. Stancik* (by brief and orally), for the defendant.

DUNCAN, J. Laws 1945, c. 104, purported to be an enactment of the Uniform Conditional Sales Act. (*S.* 32). For convenience in cross-reference the sections of the 1945 act, which correspond in numbering with those of the Uniform Act, will be referred to herein, rather than those of RSA ch. 361, *supra,* some of which were changed by insertion of RSA 361:11, first enacted in 1951. The Uniform Act was adopted by several states as early as 1919 and has been adopted in some eleven jurisdictions to date. One purpose of the Uniform Act was to provide a standard method of terminating the buyer's rights in the goods on default, and of establishing the value of his rights by a public sale of the goods, which should be compulsory in all cases where more than fifty per cent of the purchase price had been paid, and optional with the buyer where less than fifty per cent had been paid. These provisions appear in sections 19 and 20 of chapter 104, Laws 1945 (RSA 361:20-21). Consistently with the provisions of the Uniform Act as recommended by the Commissioners on Uniform Laws (2 Uniform Laws Annotated), the New Hampshire statute (Laws 1945, *supra*) also provides that the buyer shall be liable for any deficiency on "resale" (*s.* 22), (RSA 361:23).

Under section 23 of the Uniform Act in the event "there is no resale" the seller would become entitled to dispose of the goods as his own, and the buyer would be discharged. The only remaining obligation would be that provided by section 25, the expectation of the Commissioners being that in most cases, section 23 would

"clear the slate of all obligations on both sides." 2 U. L. A., *supra, s.* 23, and Commissioner's note. Under section 25 of the Uniform Act if the seller had failed to comply with prior sections, the buyer would be entitled to recover his actual damages and in no event less than one-fourth of the amount paid to the seller. 2 U. L. A., *supra, s.* 25.

A "resale" as the term is used in section 23 (RSA 361:24), and elsewhere in the statute, is uniformly construed to mean a resale as provided by sections 19 and 20 (RSA 361:20, 21), which require a sale at public auction within thirty days of repossession and after notice as therein provided. *Chase* v. *Hutchison,* 33 Del. 384; *Mack International Corp.* v. *Thelen Co.,* 205 Wis. 434. See *W. Va. Mack Sales Co.* v. *Brown,* 139 W. Va. 667. This interpretation has resulted from the provisions of section 23 of the Uniform Act and in part from the provisions of section 24 which provided that after a retaking, the buyer should be liable for the price "only after a resale" in accordance with the statute, and those of section 25 entitling the buyer to recover his damages where the seller failed to comply with the statute. 2 U. L. A., *supra, ss.* 23, 24, 25. Thus under the uniform provisions, and the decisions construing them, a verdict for the defendant would be proper in the instant case.

However, the interpretation which has been placed upon the Uniform Act elsewhere is not controlling here because of changes from the uniform provisions which were made by sections 23, 24 and 25 as submitted to and adopted by the Legislature of this state (RSA 361:24-26). Section 23 as here enacted omits the Uniform Act provision that "the buyer shall be discharged of all obligation" and states that the "rights of the parties shall be determined by the provisions of section 25." (RSA 361:24). Similarly, section 24 of our statute omits the first sentence of the Uniform Act provisions, which would provide that "the buyer shall be liable for the price only after a resale" and only to the extent of the deficiency. (RSA 361:25). In addition, our statute substitutes for the concluding provisions of section 25 of the Uniform Act, entitling the buyer to recover not less than one-fourth of the amount paid, the following provision: "and regardless of the final disposition of any goods retaken because of any default mentioned in section 16, the seller may recover any loss which he suffers by reason of the fact that goods so retaken are insufficient to pay the balance of the purchase price and all reasonable expenses incurred within thirty days after the retaking for retaking, storing and

selling the same." Laws 1945, *c.* 104, *s.* 25 (RSA 361:26).

These changes indicate a plain purpose to depart from the scheme of the Uniform Act, and to preserve to the seller a right to recover his losses regardless of whether a statutory resale has been held. The change from the purport of the uniform statute which was thus effected by our Legislature was consistent with the law as previously established in this jurisdiction under prior statutes. *Mercier* v. *Company,* 84 N. H. 59. See also, *Cutting* v. *Whittemore,* 72 N. H. 107. Hence under the present statute as enacted in 1945, the seller must be deemed entitled following repossession to recover any deficiency to the extent provided by section 25 (RSA 361:26), regardless of whether a resale is conducted as provided by section 19 (*Id., s.* 20); at least in cases such as this one where less than fifty per cent of the purchase price has been paid at the time of repossession, no statutory resale has been demanded by the buyer (*s.* 20) (RSA 361:21), and there has been no rescission as permitted by the provisions of section 26 (RSA 361:27).

The findings and rulings of the Trial Court indicate that the verdict was based on the provisions of section 26 of the statute. (RSA 361:27). The Court found: "The Conditional Sales Contract entered into between the plaintiff and defendant, provided for a rescission, (Plaintiff's Exhibit #1)" and that the plaintiff "exercised his option for rescission when he retook the tractor and trailer." The Court ruled "that the plaintiff's failure to comply with sections 17 to 25 of the statute . . . made him obligated to credit the defendant with the full purchase price of the goods, as provided by . . . section 26."

Section 26 of our statute corresponds in all respects with section 26 of the Uniform Act, and provides that there shall be no waiver of the provisions of the Act with respect to redemption and resale; "except that the contract may stipulate that on such default of the buyer as is provided for in section 16, the seller may rescind the conditional sale, either as to all the goods or as to any part thereof for which a specific price was fixed in the contract." (RSA 361:27). The section further provides: "If the contract thus provides for rescission, the seller at his option may retake such goods without complying with or being bound by the provisions of sections 17 to 25 inclusive . . . upon crediting the buyer with the full purchase price of these goods." (*Id.*)

The difficulty with the findings and rulings of the Trial Court is that the contract between the parties (plaintiff's exhibit #1)

contains no provision for rescission, and hence does not fall within the exception stated in section 26 of the statute. (*Id.*) As is pointed out by Bogert in his "Commentaries on Conditional Sales," 2A Uniform Laws Annotated 180, "Retaking under the Uniform Act is merely for the purpose of foreclosing the buyer's rights. Retaking is not rescission, but the exercise of security rights." Since the contract between the parties afforded the seller no "option for rescission," as permitted by section 26 of the Act (RSA 361:27), the findings of the Trial Court in this respect must be set aside as unwarranted by the evidence. For the same reason and because there is no evidence that the plaintiff failed to comply with any applicable mandatory requirement of sections 17 to 25 of the statute (RSA 361:18-26), the ruling that the statute requires him to credit the defendant with the full purchase price of the goods is held to be erroneous.

Under section 25 of the statute enacted by our Legislature (RSA 361:26), the seller is entitled to recover his loss as there stated, and "all reasonable expenses incurred within thirty days- after the retaking for retaking, storing and selling the [goods]." The verdict for the defendant was contrary to these provisions, and the plaintiff's exception is sustained.

Since the plaintiff's damages remain to be determined in accordance with the provisions of section 25 (RSA 361:26), the order is

*Remanded.*

All concurred.